Good morning, Your Honors. May it please the Court, Carolyn Wiggin for Petitioner-Appellant Tommy Fuentes. I would like to try to reserve two minutes for rebuttal. Your Honors, I just want to start my argument by noting something that's obvious from the briefings, and that is that the Respondent has conceded that it was error for the California courts and the Federal courts to bar Mr. Fuentes' ineffective assistance of counsel claim under Dixon. So we already have a concession that this case needs to go back down to district court for proceedings on the merits of that claim. And so I just think that's an important reminder as we talk about the rest of the case. I did distribute at the beginning of argument a case called King v. Lamarck, which was decided yesterday by the Ninth Circuit. I wanted to spend a second talking about it, because I think it changes the landscape just slightly in this case. In King v. Lamarck yesterday, this Court held that where it is held already that a particular California procedural bar is inadequate, it's enough for a – when the Respondent asserts that procedural bar, then to put it in issue, it's enough for the Petitioner to just simply say, I challenge the adequacy of that procedural bar. If there's already a Ninth Circuit holding saying that at some point in time it was inadequate, the Petitioner need only say, I'm challenging the adequacy. If we apply that doctrine to this case, in 1997 in the decision Fields v. Calderon, which is at 125F3rd 757, this Court did an analysis of the California Supreme Court's application of the Dixon bar between 1973 and 1981 and found that it was not consistently applied. So the government in the present case, Mr. Fuentes below, did say, I dispute everything they assert in their answer. Counsel, but Mr. Fuentes was sentenced in 1999, right? Correct. But what the Field – what yesterday's decision says is if it – we held at a certain point in time this bar was inadequate, then Respondent, you must come up with proof that it's now – it's become adequate in the time since then. Now, you're absolutely correct that the Fields v. Calderon decision is looking at the Dixon bar between 1973 and 1981. But given that Mr. Fuentes said, I challenge their use of this bar, it would be up to the government to now prove that since 1981, it's been consistently applied. But didn't Enri Robbins clarify? That's a California Supreme Court decision, and that – that decision, as I've argued in my brief, has to do with the – I'm sorry, did you ask about Harris or Robbins? I asked about Robbins. In Robbins – Didn't Robbins clarify that Dixon was an independent procedural ground and not related to any Federal bases? Okay. So we're moving from talking about adequacy to independence. Okay. So I'm – this is why I wanted this case argued, because I don't really understand what you're arguing. You're saying even though Dixon might be an independent procedural ground, it's not an adequate procedural ground. Is that what – is that your argument? My argument is that it's not independent and that it's not adequate. But either – if it was either – if it was dependent on Federal law, then we don't even move to the question of adequacy. If it's determined that it's independent, then we look at adequacy. Okay. If Robbins made it independent, if you just accept that premise, that Robbins was sufficient to make Dixon an independent procedural state ground, then why wouldn't it be adequate? Because it has not been applied consistently by the California Supreme Court. And what we start with is the Bennett test. Under that test, the Respondent raises the procedural bar, and the Petitioner then puts it in issue. Under – as I said, under yesterday's decision, King v. Lamarck, Mr. Fuentes did a sufficient objection to the procedural bar to put it in issue. Did he specifically say it was not adequate because it had not been consistently applied? He said, I challenge each and every paragraph of their answer besides their assertion that I have a conviction. So he made a general challenge to their answer. Now, as I said, their answer only said this issue was procedurally defaulted. It didn't identify Dixon. So Mr. Fuentes' response to that answer was similarly broad. This case is difficult for me because it's pretty nebulous in terms of what we are supposed to be reviewing. Well, in my view, I think the most interesting question is, is the Dixon bar independent of Federal law? I set out in my briefing, and I would like to just summarize quickly my argument that it's not – that it's still dependent on Federal law. But I think the easy decision in this case is that the California Supreme Court cited multiple procedural bars. It didn't say which applied to which. Everyone agrees it applied one of them in But I would like the Court to look at the – whether Dixon is independent. Well, the district court said that claims 1 and 2 were barred pursuant to Dixon, right? The district court said – I think it was three claims that it said were barred pursuant to Dixon, and that – excuse me, I'm just going to get a chart here. The  district court said his claim regarding the idea that the plea agreement was violated or was not voluntary Was claim 1, right? Well, I identify that as claim 3. But I think of claims 1 and 2 as the ones that were decided on the merits. So everyone used different numbering. That's the difficulty I have with this case. It's hard. for me to sort out which claim – because they were identified by number at some point, by description at different points. And I don't really have a good handle on what claims we're looking at, what claims were raised on direct appeal, what claims – how each claim was resolved by the district court. The briefs didn't really set that up for me very well. And I was hoping at oral argument that there would be more elucidation on that. Sure. I would be happy to try to do my best at that. One of Mr. Fuentes' claims is that the district court – the trial court erred in refusing to grant him a continuance of sentencing. I have that as claim 3. Okay. I have it as claim 4. I have it as claim 1. Okay. Well, that claim, let's just call that lack of continuance. That one was fully exhausted on the merits on direct appeal, and the district court denied that one on the merits. Right. So that's not subject to the Dixon Bar. The second claim is you violated my due process rights by not striking a prior. That one was also exhausted on direct appeal and decided on the merits by the district court. I have that as claim 4. Okay. It's claim 2 in my little system. But anyway. So then we move on to the claim that my plea was not voluntary because I thought I had an agreement with the judge that if I cooperated to the best of my ability, he was going to strike a prior. That one was not raised on direct appeal. It was raised in his state habeas filings, and ultimately the California Supreme Court denied that one with citations to Dixon, Walter, Swain, and Duval. And what did the district court do with that one? That one says it's procedurally defaulting under Dixon. Under Dixon, right? Right. And then we have this claim that my plea was not valid because it wasn't supported by a factual basis. Right. That one, in initial F&Rs, they say that's not a cognizable Federal claim. But then ultimately in the final decision ---- Was that raised on direct appeal? No. I'm sorry. That was not raised on direct appeal. It's only raised in the state habeas process. Right. Again, denied under Dixon, Walter, Swain, and Duval. And denied by the district court on Dixon basis, right? Correct. Correct. Now, I have as the what I call the fifth claim, ineffective assistance of counsel. You had me enter this plea, but then you didn't help me cooperate. You didn't have your act together at sentencing. That was not raised on direct appeal. It was raised in the state habeas process. But we have a concession on that, so we don't have to worry about that. Right. The district court denied that under Dixon, and the Attorney General's office has conceded that was error. I have as the fifth claim something about it should go to a different judge. But that's not here, right? Are you ---- I don't believe that's a claim. Okay. It's not something I'm pursuing. So I hope that clarifies my view at least. I see I only have 17 seconds left, so I would like to reserve what little time I have for rebuttal. Thank you. Thank you. Good morning. Good morning. Marcia Fay with the Attorney General's office for the respondent appellee in this case. I'll address ---- I have a chart, too, of all the claims. And there are six claims that were in the Federal petition. And just to clarify, claim five was dealt with in the Federal petition. It was regarding the court, whether the state court should have had the case. And the first Federal order in this case dismissed that as not standing a Federal claim. It's not an issue with the appeal, but that was one of the six claims on the Federal habeas petition. I just wanted to first address the case that was decided yesterday. King v. Lamarck with respect to the adequacy of the Dixon bar. This case addresses the Clark untimeliness bar and basically can be distinguished from this case that deals with the Dixon bar and the Dixon bar post-Robbins. In this case, the court looks at the Clark untimeliness bar and indicates that there is a component of that bar to determine a substantial delay. And it indicates that what constitutes that substantial delay has not been clarified by the California Supreme Court, and therefore this is not an adequate bar. Also, that is unlike the Dixon bar that does not have that substantial delay criteria. Also, once again, the Dixon bar at issue here was a recent, this is a recent decision dealing with Dixon post-Robbins. In addition, the petitioner in the King case that was decided yesterday made an affirmative allegation regarding the adequacy of the bar. That case basically can be distinguished from this case where the respondent, excuse me, the petitioner made no specific allegations in response to the respondent's claim that there was a procedural bar under Dixon. The petitioner just made a blanket denial of the answer, basically, and did not meet the burden under Bennett Mueller with respect to shifting the burden back to the respondent on that issue. With respect to the opposing counsel's argument that Dixon is still not an independent bar. I believe that Dixon is an independent bar, and with respect to the allegations in the petitioner's reply brief that Robbins does not address the Dixon bar, I would just direct the Court to footnote 34 of the Robbins decision. I think when Robbins is read in context, even though it is specifically dealing with Clark and the untimeliness bar, it sets forth a procedure not only for Clark, but similarly for Dixon and other procedural bars. And I think that procedure set forth makes the state courts assume that the federal claim has been stated and then goes on to let the state court then determine whether procedural bar is at issue, thus making it independent of a federal law determination. So I do believe that, and also this was recognized somewhat in the language of this Court in Bennett v. Mueller with respect to the Dixon-Robbins and the Court's decision in Robbins affecting the Dixon bar as well as the Clark bar. Now, with respect to the adequacy, I think I addressed part of it with respect to the recent case that came out yesterday, King v. Lamarck. With respect to the actual pleading, the answer that the respondent filed in the federal district court included answer A, and accompanying points of authorities. They were filed together as one document, and indeed the federal district court, when it ordered the respondent to answer it, specifically asked the respondent to include in the answer any argument dealing with procedural issues. That was what was done. It was part of the answer. The petitioner in this case was on full fair notice with respect to the assertion of the Dixon bar as a defense by the respondent. With respect to the issue regarding the look-through doctrine and whether the Dixon bar was properly applied by the district court in this case once you get past the independence and the adequacy. And I believe in this case, under the reasoning of Yilst, this bar was properly applied. The superior court in this last fully explained reasoning decision clearly set forth the two claims that issue here that the Dixon bar has been applied to and said that the Dixon bar applies. And then the affirmance of that by the California Supreme Court in a summary denial with a citation to Dixon, although include other citations, there is no question that that shows that the state court's decision was based on state law and not intertwined with any federal law determination. I'd also want to address one of the issues raised in the reply regarding the fact that the petitioner did not have counsel here, and somehow that may affect the burden that the petitioner had under Bennett v. Mueller. I'd like to direct the Court to the fact that in Bennett v. Mueller, when this Court set forth the test for the burden shifting, it actually recognized that many petitioners in these cases do proceed pro se. So that's something that was already recognized by the Court when it set forth the determination in Bennett v. Mueller. And the burden on the party is the same regardless of whether a party is represented or not. And in this case, the burden never shifted back to the respondent, because once they affirmatively pled the Dixon bar, no response was made that met the Bennett v. Mueller test by the petitioner. The Dixon bar include or does it have to include adequacy and independence when you assert the Dixon bar, which would be affirmatively stated? The bar can be summarily stated in an assertion that is an affirmative bar, procedural bar, and pursuant to Dixon in this case. And so you think that encompasses both independence and adequacy? Yes, I do. And in addition, in this case, they were, because the points of authority were incorporated part of that as well. But even just the assertion of the Dixon bar should be sufficient to shift the burden. With respect to the last two issues, dealing with the two issues that were being addressed on the merits, I just want to point out to the Court that these are issues dealing with Romero, striking the Romero, under Romero prior strike, and also the continuance of the sentencing. Both of these issues, in order to rise to any type of constitutional violation, it is very unusual and only in extraordinary circumstances that asserted abuse of discretion by a state court on these issues would ever rise to such a unjustified decision as to warrant due process. So not only do we have no, the district court was correct in finding that no such violations were pled, but also the Court of Appeals decision in the recent decision, it was completely, was not contrary or unreasonable determination of Supreme Court precedent, nor was it unreasonable determination of facts. So both under the deference standards, as well as just the constitutional violation itself, those two violations were certainly not found here, and the district court correctly dismissed those claims. So unless the Court has any additional questions, I would submit. Thank you, Ms. Wiggin. Back to you. You get the last word. Thank you. I realize I have almost no time, so I'm going to try to be extremely brief. In regards to the merits issues, I just want to point out this isn't a simple challenge where someone says the sentencing judge didn't understand that he has discretion under Romero to strike my priors. Romero was being used as a tool to work out a separate agreement, and so it's not a simple Romero habeas challenge. In regard to the issue of the independence of the Dixon Bar, Ms. Fay mentioned footnote 34 of Robbins, and I actually rely heavily on that myself. It said, in the future, as when we recognize the Walterius and Dixon Bars, we still apply the four exceptions that we set forth in Harris, and one of those Harris exceptions, this Court did not recognize, is that the Dixon Bar, which is a bar that is already decided, encompasses Federal constitutional issues. So that makes the Dixon Bar still intertwined with Federal law and not independent. How do you respond to your opponent's position that the Petitioner's response to the State's claim of a bar was too general to shift the burden back to the State? Well, Your Honor, the first answer is I don't even think we have to go there because of the independence issue and the issue of the ambiguity of the California Supreme Court's order. But if we do go there, I think given that the answer was so general, the answer itself, which is the pleading, not the memorandum of points and authority, but the answer, just generally said procedural default that my client's assertion, I deny everything they say in their answer, was adequate to put that in issue. Did it cite Dixon? His response to the answer did not cite Dixon. No, but did the answer cite Dixon? The answer itself, in discussing the procedural history of the case, it mentioned that there had been a Dixon. Dixon, among other things, was not a procedural bar. It didn't say procedural bar. It didn't say procedural bar. It didn't clarify which bar of the four the California Supreme Court relied on. It was asserting in its answer.
judges: T.G. Nelson, Silverman, Rawlinson, Smith